ATTORNEY'S NAME: Butler, Amanda J 31644
AND ADDRESS: 601 Poydras St Fl 12, New Orleans, LA 70130

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2019-05554   DIVISION: C   SECTION: 10

### NIGIL DOWDELL

Versus

### CULPEPPER & ASSOCIATES SECURITY SERVICES, INC.

### CITATION

TO: CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS")
THROUGH: ITS AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA May 28, 2019**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Christine Thrift, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **Petition for Damages** ON CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS") THROUGH: ITS AGENT: CT CORPORATION SYSTEM Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / PAPER    RETURN / / SERIAL NO.   DEPUTY   PARISH | On this _____ day of _____ served a copy of the within **Petition for Damages** ON CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS") THROUGH: ITS AGENT: CT CORPORATION SYSTEM by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS") being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

**EXHIBIT A**

ID: 10211915   Page 1 of 1

ATTORNEY'S NAME:   Butler, Amanda J 31644
AND ADDRESS:   601 Poydras St Fl 12, New Orleans, LA 70130

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2019-05554      DIVISION: C      SECTION: 10

### NIGIL DOWDELL

Versus

### CULPEPPER & ASSOCIATES SECURITY SERVICES, INC.

### CITATION

TO:      CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS")
THROUGH:   ITS AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA May 28, 2019

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Christine Thrift, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within **Petition for Damages** ON CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS") THROUGH: ITS AGENT: CT CORPORATION SYSTEM  Returned the same day  No. _____  Deputy Sheriff of _____  Mileage: $ _____  /ENTERED/  PAPER / RETURN /  SERIAL NO.    DEPUTY    PARISH | On this ____ day of _____ served a copy of the within **Petition for Damages** ON CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS") THROUGH: ITS AGENT: CT CORPORATION SYSTEM by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS") being absent from the domicile at time of said service.  Returned the same day  _____ No. _____  Deputy Sheriff of _____ |

ID: 10211915              Page 1 of 1

2019-05554

C
Section 10

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

CASE NO. _____ DIVISION _____ NUMBER \_\_\_

**NIGIL DOWDELL,**

v.

**CULPEPPER & ASSOCIATES SECURITY SERVICES, INC.**

### PETITION FOR DAMAGES

Plaintiff, NIGIL DOWDELL ("Dowdell"), through undersigned counsel, brings this action against CULPEPPER & ASSOCIATES SECURITY SERVICES, INC. ("CASS"), and respectfully allege, as follows:

### NATURE OF THE ACTION:

1. Plaintiff brings this action against CASS and Associates Security Services, Inc. under Title VII of the Civil Rights Act, 42 U.S.C. section 2000e *et. seq.*, as amended, Louisiana laws prohibiting intentional discrimination including the Louisiana Employment Discrimination Law codified as LSA-R.S. 23:332, *et seq.*, and the Americans with Disabilities Act.

### THE PARTIES

2. Plaintiff, Nigil Dowdell ("Dowdell"), is a person of the full age of majority, domiciled in the Parish of Jefferson, State of Louisiana.

3. Defendant herein is Culpepper & Associates Security Services, Inc. ("CASS"), a foreign Corporation organized and registered under the laws of the State of Georgia, with a principal place of business in Atlanta, Georgia, and registered to do business within the State of Louisiana.

4. At all relevant times, CASS, continuously had at least 20 employees, and thus constitutes an "employer" in the meaning of Title VII and the LEDL.

5. CASS is an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

### JURISDICTION AND VENUE

6. The amount in controversy is above the jurisdictional minimum of this Honorable Court.

VERIFIED

Christine Thrift

E-Filed

2019 MAY 28 P 03:01

Case 2:19-cv-11410-SM-KWR Document 1-1 Filed 06/28/19 Page 4 of 10
2019-05554
FILED
2019 MAY 24 A 10:29
CIVIL
DISTRICT COURT
C
Section 10

7. Venue is proper as the events complained of herein took place in Orleans Parish.

8. This action is brought to remedy discrimination on the basis of sex, hostile work environment, in the terms, conditions, and privileges of employment for Plaintiff, sexual harassment, and subsequent retaliation and unlawful termination for reporting sexual harassment.

9. This action is further brought to remedy CASS' denial of a reasonable accommodation to Dowdell after a temporary disability she suffered due to a workplace sexual assault under the American with Disability Act, an assault that CASS had full knowledge of.

10. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g) and La. R.S. 23:301 *et seq.* (the "Louisiana Employment Discrimination Act").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On or about November 1, 2018, Dowdell filed a Charge of Discrimination with the Equal Employment Opportunity Commission on behalf of herself. Dowdell was issued a Dismissal and Notice of Rights on February 25, 2019. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

12. Plaintiff, Dowdell, was hired to work as a Security Officer for CASS, assigned to the New Orleans Veterans Hospital in New Orleans, Louisiana in March of 2018.

13. Plaintiff was a loyal and hardworking woman who, during her employment with CASS, routinely worked shifts of 8 to 12 hours at the Veterans Administration hospital.

14. On June 5, 2018, Dowdell was working her usual 7:00 am to 3:00 pm shift. She was waiting to be relieved from duty by her shift supervisor, Mr. Assad. When Mr. Assad arrived, he sexually assaulted Dowdell by shoving his had between her legs and groping her vagina, while asking her "What's up muscles?" Dowdell immediately instructed Mr. Assad not to touch her. The sexual assault was witnessed by a fellow employee, Doucet.

15. Dowdell reported this incident involving Mr. Assad to the office administrator, Ms. Freda Hebert and to a police officer, Lt. Wissing. Freda Hebert was also the individual in charge of creating and circulating the shift schedule for the security officers.

16. Dowdell was informed that Mr. Assad sexually harassed multiple female co-workers

Case 2:19-cv-11410-SM-KWR Document 1-1 Filed 06/28/19 Page 5 of 10
2019-05554
FILED
2019 MAY 24 A 10:29
CIVIL
DISTRICT COURT

and that management had been notified of his illegal conduct through two previous reports of sexual harassment by other employees.

17. After reporting Mr. Assad's assault, Dowdell continued to work her regularly scheduled shifts through June 10, 2018.

18. On June 11, 2018, Dowdell's first day off since the assault, Ms. Hebert sent out an email advising of a mandatory meeting for all female officers, to be held on June 12. The email mandated that all supervisors report to work by 2 pm to relieve any female officers so that they could attend the meeting. This meeting was scheduled in response to Dowdell's assault and report.

19. On June 12, 2018, Ms. Hebert conducted the mandatory meeting concerning sexual harassment where only female employees were required to attend. However, Ms. Hebert specifically excluded Dowdell from the meeting, even though she was working that day. Instead, Ms. Hebert asked Dowdell to relieve another female security officer, telling Dowdell that she didn't need to attend. The caused the other women to assume that Dowdell had been involved in the incident requiring the sexual harassment meeting.

20. On June 12, 2018, Mr. Assad was called in for a meeting concerning Dowdell's report of sexual harassment and assault. Mr. Assad admitted to grabbing Ms. Dowdell's vagina and was terminated.

21. Although Mr. Assad was terminated, he is also a Veteran that routinely sought medical treatment at the VA hospital where Dowdell was assigned to work. Dowdell was afraid for her safety and that Mr. Assad may attempt to harm her for reporting him and having him fired.

22. Shortly after being sexually assaulted, Dowdell began receiving harsh treatment from Ms. Hebert. Ms. Hebert changed Dowdell's schedule from day shifts to night shifts and moved her to a location without security cameras.

23. On June 28, 2018, Ms. Hebert emailed the security officers the schedule for the first week of July. The schedule assigned Dowdell to work her regular morning and day shifts at the Transitional Living Rehab (TLR) location, her regular location, from Sunday July 1 through Wednesday July 4, and was off duty from Thursday July 5 through Saturday July 7.

24. The schedule was later revised, requiring Dowdell to work in a different location in the hospital on July 5 and overnight. Dowdell feared that Mr. Assad would use the

Case 2:19-cv-11410-SM-KWR Document 1-1 Filed 06/28/19 Page 6 of 10

2019-05554

FILED
2019 MAY 24 A 10:29
CIVIL
DISTRICT COURT

C

Section 10

opportunity to harm her. Dowdell expressed her concerns and her anxiety to Ms. Hebert and requested that she be assigned to her regular TLR location and day shift, but her concerns were ignored.

25. Due to fear for her safety and CASS's failure to address her concerns, Dowdell began to feel overwhelming anxiety. She was left with no other option than to call in sick. More than six hours before her shift began and in accordance with Company policy, Dowdell called and informed supervisor Robert Body that she was unable to report for work that day.

26. On July 6, 2018, at 12:51 p.m. Ms. Hebert emailed a revised work schedule to the officers. The schedule reflects that Dowdell called in sick on July 5 but was still scheduled to work in the Foyer duty station from 7:00 pm to 7:00 am on Saturday July 7.

27. On July 7, at 1:47 pm, Ms. Hebert emailed Dowdell stating that Dowdell did not report to work on Thursday July 5, was placed on the schedule to work that day overnight and her call out would not be accepted.

28. On the same day, at 3:06 pm, Dowdell responded to Ms. Hebert explaining that she was afraid for her safety and requested to not be scheduled on overnight shifts due to the sexual assault.

29. Ms. Hebert responded to Dowdell that she was unaware of her situation and would not get special privileges.

30. On July 9, 2018, Dowdell was called into a meeting with management and fired.

31. CASS's management directed and participated in the unlawful conduct and acted with malice and reckless indifference to Dowdell's protected rights by retaliating against and eventually terminating her for reporting the harassment she experienced from Mr. Assad and refusing to make reasonable accommodations for the mental trauma suffered as a result of the sexual assault.

32. CASS's actions caused Dowdell to suffer mental, emotional and psychological harm.

33. Dowdell began having trouble sleeping, has experienced weight gain, anxiety, stress, panic attacks, depression and headaches after the incidents.

34. Dowdell has suffered substantial loss in present and future wages, employment benefits, and future career opportunities as a result of CASS's unlawful conduct.

35. CASS filed an EEOC position statement falsely asserting that Dowdell was a no-call no show for three days, in contravention to the emails between Ms. Dowdell and Ms. Hebert.

E-Filed

4

Case 2:19-cv-11410-SM-KWR Document 1-1 Filed 06/28/19 Page 7 of 10

2019-05554

FILED
2019 MAY 24 A 10:29
CIVIL
DISTRICT COURT

C

Section 10

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF "TITLE VII"

36. Plaintiff repeats and re-alleges each and every allegation previously set forth as if plead herein *in extenso*.

37. Title VII, makes it unlawful to discriminate against any individual based on their sex. Under this Act, harassment based on sex is prohibited.

38. By the conduct alleged herein, CASS subjected Dowdell to sexual harassment in the form of unwanted sexual assault when Assad shoving his hand between Dowdell's legs and groped her vagina.

39. At all times herein, Plaintiff reported the harassment to management.

## COUNT II
## SEXUAL HARASSMENT IN VIOLATION OF THE LEDL

40. Plaintiff repeats and re-alleges each and every allegation previously set forth as if plead herein *in extenso*.

41. La. R.S. 23:332(A)(1) makes it unlawful to discriminate against any individual with respect to compensation, or terms, conditions, or privileges of employment based on their sex. Under this Act, harassment based on sex is prohibited.

42. By the conduct alleged herein, CASS subjected Dowdell to sexual harassment in the form of unwanted sexual assault when Assad shoving his hand between Dowdell's legs and groped her vagina.

43. At all times herein, Plaintiff reported the harassment to management.

## COUNT III
## INTENTIONAL DISCRIMINATION – HOSTILE WORK ENVIRONMENT
## TITLE VII

44. Plaintiff repeats and re-alleges each and every allegation previously set forth as if plead herein *in extenso*.

45. Since at least July 5, 2018, Defendant has engaged in unlawful and discriminatory employment practices in violation of 42 U.S.C. § 2000e *et seq.*, including subjecting Dowdell to a hostile work environment based on her gender.

46. CASS's conduct and omissions were offensive, severe, unwelcome and pervasive and interfered with Dowdell's working conditions and terms of her employment.

47. The hostile work environment occurred with the full knowledge of CASS, who failed to exercise reasonable care either to prevent the hostile work environment or to correct

Case 2:19-cv-11410-SM-KWR Document 1-1 Filed 06/28/19 Page 8 of 10

2019-05554

C
Section 10

FILED
2019 MAY 24 A 10:29
CIVIL
DISTRICT COURT

promptly the hostile work environment once it existed, by failing to address Dowdell's legitimate safety concerns.

48. CASS's conduct was intentional and done with malice or with reckless indifference to the federally protected rights of Dowdell.

## COUNT IV
### INTENTIONAL DISCRIMINATION – HOSTILE WORK ENVIRONMENT
### LEDL

49. Plaintiff repeats and re-alleges each and every allegation previously set forth as if plead herein *in extenso*.

50. CASS's conduct has violated La. R.S. 23:301 et seq. ("LEDL"). by intentionally discriminating against Dowdell with regard to the terms and conditions and privileges of her employment because of her gender. Specifically, the Defendant created a hostile work environment when management refused to address Dowdell's safety concerns following her assault and complaint of sexual harassment. Instead of attempting to remedy the situation, CASS retaliated against Dowdell and began changing her schedule to place her in a position where she feared for her safety. In addition to the remedies set forth in Title VII, Dowdell requests that she be awarded all available relief under the laws of the State of Louisiana, including injunctive relief.

## COUNT V
### RETALIATION IN VIOLATION OF TITLE VII

51. Plaintiff repeats and re-alleges each and every allegation previously set forth as if plead herein *in extenso*.

52. Title VII, specifically 42 U.S.C. §2000e-3 makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice.

53. By its conduct alleged herein, CASS subjected Dowdell to unlawful retaliation in violation of Title VII by changing her schedule to place her in a position where she feared for her safety and ultimately terminating Plaintiff.

## COUNT VI
### American with Disabilities Act (ADA)

54. Plaintiff repeats and re-alleges each and every allegation previously set forth as if plead herein in extenso.

55. A disability under the ADA is "an impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having a disability."

Case 2:19-cv-11410-SM-KWR Document 1-1 Filed 06/28/19 Page 9 of 10
2019-05554
FILED
2019 MAY 24 A 10:29
CIVIL
DISTRICT COURT
Section 10
C

42 U.S.C. §12102(2); 29 C.F.R. § 1630.2(g). In 2008, Congress amended the ADA to expand the definition of disability to ensure broad coverage, explicitly including temporary disabilities, such as anxiety. Pub. L. No. 110-325, §§ 2(b)(5), 4(a), 122 Stat. 3553 (2008); 29 C.F.R. §§ 1630.1(c)(4), 1630.2(j)(1)(vi).

56. An employee with a disability is entitled to reasonable accommodations that do not constitute an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9.

57. Dowdell told her employer that she was fearful of working in a location that she felt unsafe at due to Mr. Assad's sexual assault and requested a reasonable accommodation from Defendant, by requesting to be assigned to her typical station and during daylight hours. Dowdell was denied the accommodations with the explanation that she was not allowed to get "special privileges" due to the sexual assault. The accommodations she sought were not an undue burden on Defendant.

58. When Defendant refused to accommodate Dowdell's anxiety-related sexual assault psychiatric disability, they violated her employment rights under the Americans with Disabilities Act.

**PRAYER FOR RELIEF**

**WHEREFORE,** having set forth her Petition for Damages, Dowdell, respectfully requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of CASS complained of herein are in violation of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, which resulted from the unlawful discrimination and hostile work environment complained of herein, compensatory and punitive damages, liquidated damages, and damages for mental anguish, pain, suffering, public embarrassment and humiliation, any other damages that may be proven at trial, pre-judgment and post-judgment interest, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper, which amounts shall exceed $75,000.

2019-05554

# C
## Section 10

FILED
2019 MAY 24  A 10:29
CIVIL
DISTRICT COURT

Respectfully Submitted:

**BUSINESS LAW GROUP, LLC**

By: *Amanda J. Butler*
Amanda J. Butler (T.A.)
LSBA # 31644
abutler@lawgroup.biz

Stephanie Dovalina
LSBA No. 31137
sdovalina@lawgroup.biz

700 Camp St., Ste. 105
New Orleans, LA 70130
Telephone: (504) 528-9500
Facsimile: (504) 754-7776

**Please serve:**

**Culpepper & Associates Security Services, Inc.**
Through its Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

4833-5103-4263, v. 1

E-Filed

8