IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NIGIL DOWDELL,**<br>    **Plaintiff,** | **DOCKET NO. 2:19-cv-11410-SM-KWR** |
| **v.** | **JUDGE SUSIE MORGAN** |
| **CULPEPPER & ASSOCIATES SECURITY SERVICES, INC.,**<br>    **Defendant.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

### REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INADMISSIBLE AND SHAM SUMMARY JUDGMENT EVIDENCE

Defendant Culpepper & Associates Security Services, Inc. ("CASS") submits this Reply Brief in response to Plaintiff Nigil Dowdell's ("Dowdell") Opposition to CASS's Motion to Strike Plaintiff's Inadmissible and Sham Summary Judgment Evidence ("Motion to Strike"). In response to CASS's Motion for Summary Judgment, Dowdell suddenly located 150 pages of emails in her personal email account necessitating her to change her testimony in a Declaration that she submitted in Opposition to CASS' Motion for Summary Judgment. CASS submits that this Court should strike Dowdell's inadmissible and sham summary judgment evidence.

**A. Dowdell's Lengthy Declaration is Clearly Directed at Manufacturing Evidence in an Effort to Preclude Summary Judgment.**

While Dowdell submits that she is not using her Declaration to manufacture a factual dispute to preclude summary judgment, that is precisely how she is using her Declaration. She claims that her memory was refreshed by her email to Kutina Gilmore, which she produced after her deposition, after the close of discovery, and in response to CASS's Motion for Summary

Judgment. Dowdell "cannot swoop in with new evidence in the last minute in an attempt to stave off summary judgment."[1]

Furthermore, Dowdell submits that she provided her 23-page Declaration to "summarize[] the facts of the case in one place for the convenience of the Court."[2] The Court already has a place where it can turn to read a party's summary of the facts – her lengthy introduction to her Opposition to CASS' Motion for Summary Judgment, as well as her Statement of Contested Facts.[3]

Dowdell continues to *repeatedly* bombard the Court with protracted pleadings and irrelevant, unnecessary, and voluminous materials that stretch well beyond the page limitations imposed by the Local Rules and without leave of court. Dowdell's 23-page Declaration is no exception and is full of needless allegations that do not create an issue of fact nor provide information which will assist this Court in rendering summary judgment. For example, Dowdell's allegation that her bank records show that she bought a daiquiri on the night she was scheduled to work is a superfluous and an immaterial fact that does not create an issue of fact that precludes summary judgment.[4] CASS succinctly listed the statements it challenged in Dowdell's lengthy Declaration in its Motion to Strike; Dowdell has failed to properly support her objections to those challenged statements, and that information should be excluded.

### B. The 150 Pages of Emails Dowdell Untimely Produced Are Not "Newly Discovered Evidence."

Dowdell's Opposition fails to demonstrate how her failure to produce this information timely was substantially justified or harmless. Despite her claims that this was "newly

---

[1] *Dry Dock LLC v. Godfrey Conveyor Co.*, 717 F. Supp. 2d 825, 829 (E.D. Wis. 2010).
[2] [Doc. 73, p. 4].
[3] [Doc. 67, p. 1-9]; [Doc. 67-1].
[4] [Doc. 59-2, p. 23].

discovered evidence,"[5] this evidence has been in her possession the entire time. "Newly discovered evidence" is "the type of new evidence that a truly diligent litigant would be powerless to unearth" prior to summary judgment.[6]

Dowdell's arguments that these emails were on her account and remained "unbeknownst" to her counsel are unavailing. ***Dowdell*** was in possession of responsive information to CASS' discovery requests the entire time.[7] If Dowdell or her counsel had performed a proper search on Dowdell's email (such as a search on a laptop)[8] account at the outset, relevant and responsive emails (as detailed in CASS' Motion to Strike) would have been located and produced. A party's failure to engage in due diligence with respect to discovery is not a justifiable excuse to warrant inclusion of untimely produced evidence.[9]

Dowdell has not shown that her failure to produce the emails, particularly the email she sent Kutina Gilmore regarding the incident with Assad, as well as the emails she relied upon in her Declaration[10] in response to CASS' Motion for Summary Judgment was in any way justifiable.[11] In *Dry Dock v. Godfrey Conveyer Company*, the defendant argued that the plaintiff failed to produce various documents until it filed its motion for summary judgment and argued that those exhibits should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1).[12] The court found that the plaintiff failed to show how it was substantially justified in not

---

[5] The term "newly discovered evidence" is most often litigated in cases where litigants file a motion for reconsideration under Rule 59(e), and is instructive for purposes of what constitutes "newly discovered evidence."
[6] *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015) (quoting *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995)).
[7] *See Leo v. Jeld-Wen*, 2018 U.S. Dist LEXIS 61574, at *9 (M.D. La. Apr. 10, 2018) (finding that plaintiff's failure to timely produce an email was not substantially justified or harmless, as she and her counsel had been in possession of the email).
[8] Even if Dowdell did not own a personal computer or laptop, her counsel undoubtedly does. Moreover, most public libraries offer free access to computers.
[9] *See Leo*, 2018 U.S. Dist LEXIS 61574, at *9.
[10] *See* [Doc. 63-1, p. 8-10].
[11] *See Dry Dock v. Godfrey Conveyer Co.*, 717 F. Supp. 2d 825, 829 (W.D. Wis. 2010).
[12] *Id.* at 828-29.

producing these documents.[13] The court further held that plaintiff's withholding of these documents was not harmless, as the plaintiff cited to the documents in support of many arguments in opposition to summary judgment.[14]

In the present case, Dowdell relied heavily on her untimely produced email to Kutina Gilmore in her opposition to CASS' motion for summary judgment to argue that CASS had constructive knowledge that Assad would harass Dowdell. She also relied on various untimely produced emails in her 23-page Declaration that she submitted in support of her Opposition to CASS's Motion for Summary Judgment. Given Dowdell's clear reliance on these emails to support her claims, her failure to timely produce these emails cannot be deemed harmless.[15] Thus, such documents should be excluded from consideration on summary judgment.[16]

### C. Dowdell's Opposition is a Veiled Motion to Compel.

In response to CASS's Motion to Strike, Dowdell deflects from her own failure to comply with the Federal Rules of Civil Procedure by attempting to advance an improper motion to compel before the Court. The basis of this obscured motion to compel is that CASS did not produce every single email that had Dowdell's name on it. The pages Dowdell devotes to complaining that CASS allegedly failed to supplement its responses are irrelevant for purposes of CASS' Motion to Strike.[17]

In *Leo*, the defendant objected to several documents that the plaintiff submitted in opposition to its motion for summary judgment and filed a motion in limine.[18] Like Dowdell, the plaintiff attempted to deflect in her opposition, arguing that the defendant may have also

---

[13] *Id*. at 829.
[14] *Id*. at 829.
[15] *Id*. at 829.
[16] *Id*.
[17] *See Leo*, 2018 U.S. Dist LEXIS 61574 at *10.
[18] *Id*. at *8.

produced documents after the discovery deadline.[19] The court found this argument "unavailing," noting that it was "irrelevant to the instant dispute and [did] not serve as a substantial justification for Plaintiff's delay."[20] Dowdell's arguments that CASS never supplemented its production with a slew of irrelevant emails[21] is immaterial as to whether Dowdell timely produced these documents until after the discovery deadline and after CASS filed a motion for summary judgment.

However, CASS never had a duty to produce a slew of irrelevant materials and has produced all relevant and responsive documents *in its possession.*[22] In her Requests for Production, Dowdell requested that CASS originally produce all emails from Freda Herbert, Vincent Price, Christopher Culpepper, and Ules LaBeaud to anyone in the company "that relate in any way to Plaintiff."[23] CASS rightly objected to the overbroad nature of these requests, noting that the requests sought information which was neither relevant to any party's claims or

---

[19] *Id*. at *9-10.
[20] *Id*. at *10, *citing Macias v. Perez*, 2011 U.S. Dist. LEXIS 72870, at *3 (S.D. Cal. July 7, 2011) (finding lack of a substantial justification when the plaintiff submitted an expert report after the deadline, which was allegedly because the expert was in a trial and could not be reached).
[21] Dowdell submits that her emails are responsive to CASS's Request for Production No. 10. The vast majority of these emails are not responsive to that request, which asked that Dowdell produce all electronically stored information in her possession that constituted outside communication between she and anyone else referencing, related to, or pertaining to the subject matter of her complaint, her allegations, and damages. Clearly, these emails, as briefed *infra* are nonresponsive to this request.
[22] CASS produced more than 600 documents of responsive and relevant information which encompasses the following categories of documents:
(1) All relevant documents regarding scheduling during the end of June/early July (the time period at issue) as well as additional scheduling emails that it had in its possession;
(2) Documents related to Dowdell's Call Offs and No Call/No Shows;
(3) Emails from LaBeaud and Freda related to Dowdell's Call Offs, No Call/No Shows, and the meeting with Dowdell, including their recollections of what transpired at the meeting;
(4) Dowdell's and Assad's personnel files;
(5) Policy documents;
(6) Time records and sign-in sheets for the time period at issue, as well as time records and sign-in sheets for the previous month, which showed that she worked overnight shifts after the incident without complaint;
(7) All documents related to the incident with Assad;
(8) EEOC documents;
(9) Materials for Harassment Training;
(10) Interview/application documents for Dowdell;
(11) Comparator information, including all Call Offs, No Call/No Shows, Late and Tardy documents for 2018, as well interview information relating to Dowdell's comparators.
[23] [Doc. 73, p. 11-13].

defenses, and that the requests were not proportional to the case. In response, CASS produced responsive information, subject to its objections, which was limited to information that was *relevant* to the parties' claims and defenses. CASS did not produce every single email that "relate[d] in any way to Plaintiff." The Federal Rules of Civil Procedure do not require CASS to bear such a burden.

A review of Dowdell's recent document production shows most of emails she produced have nothing to do with this case, such as emails regarding CPR training, mandatory meetings, announcements regarding covering up visible tattoos, reminders about CASS's cell phone policy, and tetanus shots. These types of communications have nothing to do with either party's claims or defenses, which is why these emails – to the extent that they are still in CASS's possession – were not produced.

Dowdell chose not to challenge these responses in her Motion to Compel.[24] Raising such complaints in response to a party's Motion to Strike is inappropriate, and her grievances regarding CASS's responses to Requests for Production Nos. 1, 4, and 6 are not timely.[25]

### D. Dowdell's Exhibit 1 Is Not an Admissible Exhibit and Effectively Constitutes an Additional 10 Pages of Argument Which Is Not Properly Included in the Body of Her Opposition Brief.

In response to CASS' Motion to Strike, Dowdell submitted a 15-page Opposition, which greatly exceeds the page limitation of Local Rule 7.7. In addition to this 15-page Opposition, Dowdell also submitted multiple exhibits, including a 10-page exhibit entitled "PLAINTIFF'S RESPONSE TO DEFENDANT'S CHART OF OBJECTIONS TO DECLARATION OF NIGIL

---

[24] [Doc. 35].
[25] *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (finding that a party's motion to compel was untimely where it was not filed sufficiently in advance of the discovery deadline in order to allow it to be heard by the court); *see also David v. Signal Int'l, LLC*, 2014 U.S. Dist. LEXIS 162890, at *7-8 (E.D. La. Nov. 19, 2014) (denying plaintiffs' motion to compel as untimely where it was filed past the discovery deadline in the court's order).

6

DOWDELL." CASS included a chart which listed its specific objections to statements in Dowdell's Declaration within its 12-page Motion to Strike.

Exhibit 1 to Dowdell's Opposition to CASS' Motion to Strike is not a proper exhibit. It has not been produced nor subpoenaed by either party. It amounts to continued briefing of Dowdell's Opposition to CASS' Motion to Strike and should be excluded from consideration.[26] In *Solaia Technology, LLC v. ArvinMentor, Inc*, the defendant filed a motion for summary judgment and attached a separate legal brief which offered an additional 14 pages of argument.[27] The court noted that the maneuver was a procedurally improper "exhibit," amounted to "simply an attempt to add an additional 14 pages of legal argument to its already lengthy brief," and found that the defendant failed to brief the issue fully that was briefed in the "exhibit."[28] Therefore, CASS requests that this Court strike and/or disregard Exhibit 1 as an improper exhibit an attempt to expand her brief, which is procedurally improper.

For the reasons stated herein, CASS respectfully requests that this Court grant its Motion to Strike Plaintiff's Inadmissible and Sham Summary Judgment Evidence.

Respectfully submitted this 19th day of August, 2020.

        *s/ Amanda Wingfield Goldman*
        Susan Fahey Desmond (#25380)
        susan.desmond@jacksonlewis.com
        Amanda Wingfield Goldman (#30800)
        amanda.goldman@jacksonlewis.com
        **JACKSON LEWIS P.C.**
        650 Poydras Street, Suite 1900
        New Orleans, Louisiana 70130
        Telephone: (504) 208-1755
        Facsimile: (504) 208-1759
        **COUNSEL FOR DEFENDANT**

4837-4652-8711, v. 5

---

[26] *See Solaia Tech., LLC v. ArvinMentor, Inc.*, 361 F. Supp. 2d 797, 816 (N.D. Ill. 2005).
[27] *Id*.
[28] *Id*. at 817.