UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NIGIL DOWDELL,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br><br>**CULPEPPER & ASSOCIATES SECURITY SERVICES, INC.,**<br><br>    **Defendant.** | **DOCKET NO. 2:19-cv-11410-SM-KWR**<br><br><br><br>**JUDGE SUSIE MORGAN**<br><br><br><br><br>**MAG JUDGE KAREN WELLS ROBY** |

### DECLARATION OF AMANDA BUTLER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

1. My name is Amanda Butler. I am over twenty-one years of age, of sound mind, have never been convicted of a felony, and am duly licensed to practice law in the State of Louisiana and the Eastern District federal courts in those states.

2. I make this declaration based on personal knowledge and am able to testify about matters set forth in this Declaration.

3. By way of this Declaration, I verify the contents and claims alleged in the contemporaneously filed Motion for Attorney Fees and Costs.

4. I am the owner/managing partner of the law firm of Business Law Group, LLC, in New Orleans, Louisiana and have acted as lead counsel on this matter.

1

5. I graduated from Louisiana State University in 2000 with a BA in Mass Communications and a minor in Speech Communications, where I was awarded an out-of-state tuition fee scholarship.

6. In 2003, I began attending Loyola University New Orleans College of Law as a student in the night program, working full time as a paralegal throughout my four years in law school. I was a member of Moot Court.

7. I was admitted to bar of the State of Louisiana in 2008.

8. The majority focus of my law practice has been on business and corporate law and real estate transactions. I typically represent entrepreneurs, corporate entities and developers in all aspects of their day to day business operations, including advising such clients on labor and employment matters. After twelve years of practice in this area, I began taking a few plaintiff-side federal and state labor and employment law matters, for clients that I felt deserved representation and whose cases advance the purpose of Title VII, the Equal Pay Act and the American with Disabilities Act.

9. I was the first attorney in New Orleans, Louisiana to be approved by the Times Up Defense Fund® as local counsel in the matter of *Marcy Rouege v. 241 Enterprises, et al* which was filed in the Eastern District of Louisiana. We successfully settled that case before discovery began through a private mediator.

10. The time I recorded in this matter was all reasonably and necessarily incurred in pursuit of this case.

11. I am familiar with the rates charged by attorneys for Title VII and other statutory fee-shifting matters. A reasonable hourly fee for a lead attorney in New Orleans on an employment matter is between $250-$350 per hour. Attorneys paid hourly by insurance

companies are paid substantially less per hour, and such rates typically top out at $250/hour even for attorneys with over 20 years of experience.

12. The rate I bill all off my clients is $350/hour, although I regularly employ flat fee billing for transactional matters which has the effect of increasing overall hourly rates.

13. Had I not expended time on this matter, I would have earned at least $350/hour on other matters I would have accepted.

14. I have expended approximately 349.54 hours of attorney time in this matter including, but not limited to, interviewing the client and becoming familiar with the facts of the case, reviewing the EEOC charge and file, finalizing the petition, reviewing discovery and documents produced by the Defendant in multiple rounds of discovery, reviewing Plaintiff's evidence, drafting request for admissions, attending the depositions of Freda Herbert and Ules LeBeau, participating in the settlement conference, drafting and commenting on: our mediation paper, the Plaintiff's declaration, the Opposition to the Motion for Summary Judgement and Sur Reply to the Motion, two settlement demand, trial preparation, participating in the trial by handling of the direct examination of the Plaintiff's and all the other Plaintiff's witnesses, except for Louis Culpepper, and further handling the re-cross of Freda Herbert, and preparing and researching the Fee Motion, this declaration and exercising the billing judgement required for the lodestar calculation.

15. I have done my best to keep all time spent and billed as reasonable as possible, using an associate when practical or available to keep fees low.  I chose not to enroll additional co-counsel until it was clear no settlement would be reached and additional resources would be needed to go to trial.  This decision to bring on additional trial counsel was due, in part, to his experience in trial cross examination.

16. Many things in this case have required extensive time over the two years litigating this case solely due to the actions – and inactions – of Defendants themselves.  These include evasive discovery tactics, over production of irrelevant discovery, unauthenticated documents, continuing dates, motions in limine, etc.

17. In my opinion, Kevin Vogeltanz' hourly rate of $300.00 is reasonable considering his experience and practice.

18. Business Law Group regularly bills Susanne Cooper out at rates of between $250-$350/hour to our clients.

19. Megan Kelley is an associate attorney with four years of litigation experience who worked on this matter under my supervision.  She graduated, *cum laude*, from Paul M Herbert Law Center, Louisiana State University and was admitted to the Louisiana bar in 2016. Business Law Group bills Megan Kelley out at the rate of $200/hour to our clients.

20. Alyssa Guillen and Eliza Colon are paralegals who worked on this matter under the supervision of myself and Susanne Cooper.  Business Law Group bills paralegals and other service professionals out at rates of between $75-$100 to our clients.

21. My law firm is familiar with the appropriate billing judgment and discretion standards. We use Clio for timekeeping purposes, which allows us to track our time and keep contemporaneous time records.  In addition, we use a time tracker called Chrometa which automatically tracks and imports time from certain applications, including Outlook, into Clio to ensure that time is not missed.

22. Every team member has reviewed and edited their own entries to ensure accuracy.

23. I have reviewed the bill as a whole and exercised billing judgement, including writing down time entries that were:

    a. for duplicative work,

    b. for clerical work,

    c. vague,

    d. for excessive blocks of time,

    e. for motions that were not filed;

    f. for any work relating to the unsuccessful ADA claim, dismissed on Summary Judgement, where such work only benefited that unsuccessful claim; and

    g. other nonbillable time.

You can observe the billing judgment I used by noting the hours worked, followed by the discount provided, total fee charges, and the description for the reason of the write down.

24. By reviewing the excel spreadsheet attached as **Exhibit A** hereto, the last column shows entries that were written down as a result of this process, broken down by the reason for the write down, totaling $25,269.  This reduced the bill from $295,945.50 to $268,996.50, a reduction of 9% in overall fees.  The time reduction included writing down in full any nonbillable time entries, clerical entries, and duplicative work and discounting block billing and vague entries.

25. The costs and expenses incurred in this action that Plaintiff's Counsel seeks to be reimbursed for are costs and expenses that would normally be charged to a fee-paying or hourly billable client. Plaintiff's Counsel currently has incurred $10,772.45 in unreimbursed litigation expenses for this action, including $2,100 in expert fees.

26. My total hours in this case are 349.54 and I billed $112,237.50 in attorney's fees calculated at the requested reasonable rate of $350.00, which includes a write off of time in the amount of $9,507.50 as noted **on Exhibit A.**

27. Plaintiff's counsel attempted to offer a further discount to Defendant of an additional 10% (20% total) to avoid the additional need and expense of filing this motion. However, Defendant responded with an offer that seeks to almost completely discount the time, effort and energy expended by attorneys for Plaintiff. Plaintiff now seeks the full amount of her litigation costs in paragraph 25, and reasonable attorney fees in paragraph 24, under the facts of this case.

28. When making decisions on accepting contingency fee clients in Title VII cases, I routinely reject good cases involving low wage workers due to the financial impact such cases have on the overall financial health of my firm, particularly due to the fact that attorneys are rarely accounted for in settlement negotiations and mediators routinely measure the claim by the value of back pay alone. In my opinion, low wage workers Title VII claims are undesirable.

29. Any attorneys fees that accrue to the firm after today, December 8, 2020, will be submitted to this Court by way of a supplemental fee motion.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my knowledge and belief, in witness whereof I have executed this Declaration on the date signified below by signing below:

*Amanda J. Butler*
(Signature)
Amanda Butler

12/8/2020
(Date)